IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KELLY BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.:  07-CV-1615 |
| vs. | ) | |
| | ) | JUDGE DER-YEGHIAYAN |
| ACT II JEWELRY LLC, | ) | MAG. JUDGE NOLAN |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S VERIFIED ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Act II Jewelry, LLC, by and through its attorneys, Wessels & Pautsch, P.C., and as and for its answer and affirmative defenses to Plaintiff Kelly Baker's Complaint in the above-captioned cause, denies each and every allegation of said Complaint except and only to the extent, as is hereinafter admitted and/or qualified[1]:

### JURISDICTION AND VENUE

**Allegation No. 1:**     Jurisdiction of this court is invoked and authorized pursuant to The Family and Medical Leave Act, 29 U.S.C. §2617, et seq.  Plaintiff also brings pendent State claims pursuant to Rule 18(a) of the Federal Rules of Civil Procedure.

**Answer:**     Defendant admits that Plaintiff's Complaint attempts to allege claims under Family and Medical Leave Act and state law, Defendant denies any violation of the Family and Medical Leave Act and Illinois state law and denies the remaining allegations of paragraph one (1) of Plaintiff's Complaint.

---

[1] Contemporaneously with the filing of the instant Answer and Defenses, Defendant has filed a Motion to Strike paragraphs 38, 39 and 40 of Plaintiff's Complaint.

## PLAINTIFF

**Allegation No. 2:**    Plaintiff Kelly Baker (hereinafter "Baker") is a United States citizen, residing at 229 Oakwood Drive, Wood Dale, Illinois 60191, in the United States who was employed by Defendant Act II Jewelry LLC beginning on or about June 1, 2004, through March 6, 2006, in the City of Bensenville, in which the unlawful employment practices alleged below were committed, in the State of Illinois, within the Northern District thereof.

**Answer:**    Defendant is without knowledge or information sufficient to form and opinion or belief as to the truth or accuracy of Baker's citizenship and residential address.    Defendant admits that Baker was employed with it from June 1, 2004 through March 6, 2006, in the City of Bensenville, but Defendant denies the allegation that any unlawful employment practice occurred.

## DEFENDANT

**Allegation No. 3:**    Defendant Act II Jewelry LLC (hereinafter referred to as "Act II") is an "employer" with more than 50 employees within the meaning of The Family and Medical Leave Act, is qualified to do business and actually doing business in the State of Illinois and Act II's conduct of which Kelly's claims are based occurred in the State of Illinois, within the Northern District thereof.

**Answer:**    Defendant admits that Act II is an employer for purposes of the Family Medical Leave Act and is qualified to do business in the State of Illinois.    Defendant denies the remaining allegations of paragraph three (3) of Plaintiff's Complaint.

## JURY TRIAL DEMANDED

**Allegation No. 4:**    Pursuant to Rule 38 of the Federal Rules of Civil Procedure Kelly hereby demands a trial by jury.

**Answer:**    Defendant avers that this paragraph does not contain allegations to which a responsive pleading is required; however, to the extent paragraph four (4) of Plaintiff's Complaint does contain any such allegations, they are denied.

## FACTS COMMON TO ALL COUNTS

**Allegation No. 5:**    On or about June 1, 2004, Kelly was hired by Act II.

**Answer:**    Defendant admits the allegations of paragraph five (5) of Plaintiff's Complaint.

**Allegation No. 6:**    On January 12, 2006, Kelly's son died unexpectedly.

**Answer:**    Defendant is without knowledge sufficient to either admit or deny the allegations in paragraph six (6) of Plaintiff's Complaint, and as such they are therefore denied.

**Allegation No. 7:**    After her son's funeral, Kelly returned to work but soon after found she was temporarily unable to perform all of the duties of her job due to a serious medical condition.

**Answer:**    Defendant denies the allegations of paragraph seven (7) of Plaintiff's Complaint.

**Allegation No. 8:**    On or about January 24, 2006, at work, Kelly had a breakdown, specifically:

    a.    Kelly suddenly began to sob uncontrollably in the middle of her job duties;

    b.    Kelly could not stop crying even after several co-workers, who had stopped working, tried to console her; and

    c.    Kelly was temporarily unable to return to her job duties.

**Answer:**    Defendant denies the allegations of paragraph eight (8) of Plaintiff's Complaint.

**Allegation No. 9:**    On or about January 27, 2006, Kelly sought the care of a physician who diagnosed her with depression.

**Answer:**    Defendant is without knowledge sufficient to either admit or deny the allegations in paragraph nine (9) of Plaintiff's Complaint, and as such they are therefore denied.

**Allegation No. 10:**    On or about February 3, 2006, Kelly made a request to take an unpaid leave of absence to cope with her depression as a result of her son's death.

**Answer:**    Defendant denies the allegations of paragraph ten (10) of Plaintiff's Complaint.

**Allegation No. 11:**    Act II granted Kelly's request for an unpaid leave of absence from February 6, 2006, through March 3, 2006, and Kelly was due to return to work on March 6, 2006.

**Answer:**    Defendant admits the allegations of paragraph eleven (11) of Plaintiff's Complaint.

**Allegation No. 12:**    At the time Kelly requested the unpaid leave of absence she was not sure how long it would take for her depression regarding her son's death to subside and for her to be able to fully function and perform her job duties with Act II.

**Answer:**    Defendant is without knowledge sufficient to either admit or deny the allegations in paragraph twelve (12) of Plaintiff's Complaint, and as such they are therefore denied.

**Allegation No. 13:**    While on leave Kelly made three phone calls to Act II requesting that her leave be extended for one week, as she was still under her doctor's care and needed some additional time to cope with her depression.

**Answer:**    Defendant denies the allegations of paragraph thirteen (13) of Plaintiff's Complaint.

**Allegation No. 14:**    Kelly reasonably believed that she could request additional leave because at her son's funeral her supervisor, George Howse, specifically told her that she should take as much time off as she needed.

**Answer:**    Defendant denies the allegations of paragraph fourteen (14) of Plaintiff's Complaint.

**Allegation No. 15:**    On Monday, March 6, 2006, at 10:04 a.m., less than two hours after Kelly was originally scheduled to return to work from her leave, she received a phone call from Act II informing her that she was terminated.

**Answer:**    Defendant denies the allegations of paragraph fifteen (15) of Plaintiff's Complaint. However, Defendant admits that it telephoned Plaintiff on the morning of March 6, 2006 and informed her that her employment was ending due to her failure to return from her previously approved unpaid leave of absence in accordance with established policy.

## COUNT I

### VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

**Allegation No. 16:**    Kelly is an eligible employee under 29 U.S.C. §2611(2) as she:

    a.    was employed with Act II for at least 12 months; and

    b.    had performed at least 1,250 hours of service during the previous 12 month period before requesting leave.

**Answer:**    Defendant admits the allegations of paragraph sixteen (16) of Plaintiff's Complaint, but denies that Plaintiff was entitled to receive any right or benefit under and pursuant to the Family Medical Leave Act (hereinafter referred to as the "FMLA").

**Allegation No. 17:**    That Act II is an employer under 29 U.S.C. §2611(4) who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the relevant years herein.

**Answer:**    Defendant admits the allegations of paragraph seventeen (17) of Plaintiff's Complaint.

**Allegation No. 18:**    At the time Kelly requested her leave she was suffering from a serious health condition as defined under FMLA 29 U.S.C. §2612(11), specifically Kelly was diagnosed with depression, which stemmed from the unexpected death of her son, for which she was under a doctor's continuing care.

**Answer:**    Defendant denies the allegations of paragraph eighteen (18) of Plaintiff's Complaint.

**Allegation No. 19:**    Kelly was entitled to take leave under FMLA 29 U.S.C. §2612(a)(1)(d) as her depression made her unable to perform the necessary functions of her job, specifically:

    a.    Kelly had long bouts where all she would do was cry;

    b.    Kelly had periods where she was unable to get out of bed; and

    c.    Kelly's depression left her unable to concentrate or perform simple tasks.

**Answer:**    Defendant denies the allegations of paragraph nineteen (19) of Plaintiff's Complaint.

**Allegation No. 20:**    Kelly was discharged for taking leave in violation of FMLA 29 U.S.C. §2615, specifically:

    a.    On or about February 2, 2006, Kelly informed Act II that she needed to take a leave of absence so that she could cope with her depression regarding the unexpected death of her son;

    b.    Kelly's leave was because of a serious mental health condition that at the time made her unable to fully perform her job duties;

    c.    At the time Kelly made her request she believed that she would be able to return to work after a 30 day leave;

d.    However, between March 5, 2006, and March 6, 2006, Kelly left three messages with Act II requesting additional unpaid leave as she was still suffering from depression and unable to perform the duties of her job;

e.    On Monday, March 6, 2006, at 10:04 a.m., Act II terminated Kelly's employment;

f.    Upon information and belief, Act II terminated Kelly's employment for exercising her rights under FMLA and/or knowingly interfered with Kelly's rights under the Act;

g.    At no time between February 2, 2006, the day Kelly requested leave and March 6, 2006, the day she was terminated by Act II, was Kelly informed by Act II that she could take up to 12 weeks unpaid leave pursuant to FMLA, in violation of 29 U.S.C. §2619.

**Answer:**    Defendant denies the allegations of paragraph twenty (20), including all sub-paragraphs lettered a., b., c., d., e., f., g., of Plaintiff's Complaint.

**COUNT II**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**Allegation No. 21:**    The Plaintiff, Kelly A. Baker, repeats and realleges the allegations contained in Paragraph 2 through 20 with the same force and effect as if herein stated.

**Answer:**    Defendant incorporates each of its answers to the foregoing paragraph numbers one (1) through twenty (20), inclusive, as if set forth in full herein as its answer to paragraph twenty-one (21) of Plaintiff's Complaint.

**Allegation No. 22:**    The Defendant's conduct was extreme and outrageous and went beyond all possible bounds of decency.

**Answer:**     Defendant denies the allegations of paragraph twenty-two (22) of Plaintiff's Complaint.

**Allegation No. 23:**   As a direct and proximate result of the Defendant's outrageous conduct, Kelly suffered from severe emotional distress.

**Answer:**     Defendant denies the allegations of paragraph twenty-three (23) of Plaintiff's Complaint.

**Allegation No. 24:**   The Defendant knew of and allowed the above conduct, either with the purpose of or knowing that the conduct was substantially certain to result in severe emotional distress.

**Answer:**     Defendant denies the allegations of paragraph twenty-four (24) of Plaintiff's Complaint.

## COUNT III

## PROMISSORY ESTOPPEL

**Allegation No. 25:**   The Plaintiff, Kelly A. Baker, repeats and realleges the allegations contained in Paragraph 2 through 20 with the same force and effect as if herein stated.

**Answer:**     Defendant incorporates each of its answers to the foregoing paragraph numbers two (2) through twenty (20), inclusive, as if set forth in full herein as its answer to paragraph twenty-five (25) of Plaintiff's Complaint.

**Allegation No. 26:**   Act II knew that Kelly was having a very difficult time coping with her son's death.

**Answer:**     Defendant denies the allegations of paragraph twenty-six (26) of Plaintiff's Complaint.

**Allegation No. 27:**     Act II was aware that Kelly had requested personal leave to cope with the death of her son.

**Answer:**     Defendant denies the allegations of paragraph twenty-seven (27) of Plaintiff's Complaint.

**Allegation No. 28:**     Kelly relied on her supervisor's offer to take all the time she needed when she called on March 5, 2006, and March 6, 2006, and requested additional leave.

**Answer:**     Defendant denies the allegations of paragraph twenty-eight (28) of Plaintiff's Complaint, and further denies that it provided her with approval or any other assurance to take an indefinite leave of absence.

**Allegation No. 29:**     As a result of her reliance on her supervisor's promise, Kelly was terminated by Act II and suffered lost wages and benefits.

**Answer:**     Defendant denies the allegations of paragraph twenty-nine (29) of Plaintiff's Complaint.

**COUNT IV**

**BREACH OF CONTRACT**

**Allegation No. 30:**     The Plaintiff, Kelly A. Baker, repeats and realleges the allegations contained in Paragraph 2 through 20 with the same force and effect as if herein stated.

**Answer:**     Defendant incorporates each of its answers to the foregoing paragraph numbers two (2) through twenty (20), inclusive, as if set forth in full herein as its answer to paragraph thirty (30) of Plaintiff's Complaint.

**Allegation No. 31:**     At the time Kelly was hired with Act II, she received an Employee Handbook ("Handbook"), which provides on page 9:

> PERSONAL LEAVE - Personal leave, for a good cause, will be granted by the company for a period up to thirty (30) days.

A thirty (30) day extension may be granted upon your request and with approval of your Department Manager.

**Answer:**    Defendant admits the allegations of paragraph thirty-one (31) of Plaintiff's Complaint, but affirmatively states that the allegations contained in paragraph thirty-one (31) of Plaintiff's Complaint does not include the entire and complete summary of Defendant's Personal Leave policy.

**Allegation No. 32:**    Kelly followed the Handbook by requesting an extension from Act II employees Tina Caputo ("Caputo"), Human Resources Manager, and George Howse ("Howse"), her Department Manager.

**Answer:**    Defendant denies the allegations of paragraph thirty-two (32) of Plaintiff's Complaint.

**Allegation No. 33:**    On March 5, 2006, and March 6, 2006, Kelly telephoned Act II and left messages for both Howse and Caputo requesting an additional week of leave.

**Answer:**    Defendant denies the allegations of paragraph thirty-three (33) of Plaintiff's Complaint to the extent they allege that Plaintiff spoke with anyone at Defendant on March 5, 2006. Defendant admits that on March 6, 2006 Howse received and listened to a voicemail message from Plaintiff, and also admits that on March 6, 2006 Caputo received and listened to a voicemail message from Plaintiff.

**Allegation No. 34:**    Act II never contacted Kelly to inform her that her formal request for an additional week was denied or what other options she would have to extend her leave.

**Answer:**    Defendant denies the allegations of paragraph thirty-four (34) of Plaintiff's Complaint.

**Allegation No. 35:**   On March 6, 2006, Act II contacted Kelly and informed her that they considered her to have "voluntarily resigned" because she failed to follow their Personal Leave Policy as outlined in the Handbook (hereinafter "Policy").

**Answer:**   Defendant admits the allegations of paragraph thirty-five (35) of Plaintiff's Complaint.

**Allegation No. 36:**   Under Act II's Policy, all an employee can do is request an extension from their Department Manager; the employee has no control over whether and when the extension will be granted.

**Answer:**   Defendant denies the allegations of paragraph thirty-six (36) of Plaintiff's Complaint.

**Allegation No. 37:**   Kelly had no intention of quitting and believed that her supervisor's statement to her at her son's funeral, to "take all the time off she needed," combined with the written policy, allowed her to extend her leave time that was originally granted.

**Answer:**   Defendant denies the allegations of paragraph thirty-seven (37) of Plaintiff's Complaint.

**Allegation No. 38:**   After her termination, Kelly applied for and was granted unemployment benefits; however, Act II appealed the decision.

**Answer:**   Defendant, by separate motion, moves to strike the allegations of paragraph thirty-eight (38) of Plaintiff's Complaint.

**Allegation No. 39:**   At a hearing before a Referee, Act II relied on their Policy in their argument that Kelly was not fired but rather "voluntarily resigned."

**Answer:**   Defendant, by separate motion, moves to strike the allegations of paragraph thirty-nine (39) of Plaintiff's Complaint.

**Allegation No. 40:**   Moreover, Act II suggested that had Kelly followed the Policy she would still have her job with Act II.

**Answer:**   Defendant, by separate motion, moves to strike the allegations of paragraph forty (40) of Plaintiff's Complaint.

**Allegation No. 41:**   Act II's leave Policy is an employment contract whereby an employee will not be terminated upon returning from personal leave if they follow the correct procedures, i.e., for just cause.

**Answer:**   Defendant denies the allegations of paragraph forty-one (41) of Plaintiff's Complaint.

**Allegation No. 42:**   In addition, Act II modified this Policy when her supervisor, Howse, told Kelly that she could take as much time off as she needed after the death of her son.

**Answer:**   Defendant denies the allegations of paragraph forty-two (42) of Plaintiff's Complaint.

**Allegation No. 43:**   Act II's termination of Kelly's employment is a breach of the Policy (contract) as Act II did not have cause for her termination.

**Answer:**   Defendant denies the allegations of paragraph forty-three (43) of Plaintiff's Complaint.

**Allegation No. 44:**   Additionally, Act II's termination of Kelly is a breach of the orally amended Policy by her supervisor, Howse.

**Answer:**   Defendant denies the allegations of paragraph forty-four (44) of Plaintiff's Complaint.

**Allegation No. 45:**   As a result of Act II's termination of her employment, Kelly has suffered lost wages and benefits.

**Answer:**    Defendant denies the allegations of paragraph forty-five (45) of Plaintiff's Complaint.

## DEFENSES

COMES NOW Act II Jewelry, LLC, by and through its attorneys, Wessels & Pautsch, P.C. and asserts the following defenses to Plaintiff Kelly Baker's above-captioned Complaint:

1.    As and for its first defense, Defendant asserts that any and all employment actions taken with respect to Plaintiff were predicated upon lawful, legitimate and non-discriminatory business reasons.

2.    As and for its second defense, Defendant states that Plaintiff fails to state a claim for which relief may be granted as to any cause of action alleged by Plaintiff.

3.    As and for its third defense, Defendant asserts, based on information and belief, that Plaintiff has failed to mitigate any of her alleged damages and shall be barred to the extent of such failure.

4.    As and for its fourth defense, Defendant asserts that no facts exist warranting the imposition of liquidated damages.

5.    As and for its fifth defense, Defendant asserts that no facts exist warranting the imposition of exemplary or punitive damages.

6.    As and for its sixth defense, Defendant asserts that it, at all times relevant, acted in good-faith and in a reasonable manner with respect to all employment decisions and actions that affected Plaintiff's employment.

7.    As and for its seventh defense, in the alternative to all of its other defenses, Defendant states that to the extent Plaintiff could somehow establish that Defendant engaged in any unlawful employment practices under the FMLA,

Defendant's acts and/or omissions in violation of the FMLA were done in good-faith and the Defendant had reasonable grounds for believing that such acts and/or omissions were not in violation of the FMLA.

8.  As and for its eighth defense, Defendant asserts that Plaintiff, at all times relevant, was employed in an at-will employment relationship.

9.  As and for its ninth defense, Defendant states that all matters and claims for relief that are equitable in nature shall not be tried by a jury, but exclusively to the Court, consequently, Defendant objects to Plaintiff's demand for a jury trial for those issues that are equitable in nature.

10. As and for its tenth defense, Defendant avers that Plaintiff's claims for damages are barred to the extent they were the result of a pre-existing condition unrelated to any alleged unlawful conduct, which is denied.

11. As and for its eleventh defense, Defendant avers that Plaintiff's claims for punitive damages under the FMLA are not recoverable as provided for under the FMLA, as amended.

12. As and for its twelfth defense, Defendant avers that Plaintiff is barred in whole or in part, by the exclusivity provisions of the Illinois Workers' Compensation Act.

13. As and for its thirteenth defense, Defendant avers that Plaintiff's claims are barred under the doctrine of unclean hands.

14. As and for its fourteenth defense, Defendant avers that Plaintiff's claims are barred pursuant to the doctrine of laches.

15.  As and for its fifteenth defense, Defendant avers that there was a failure of consideration with any alleged contract or promise between Plaintiff and Defendant.

16.  As and for its sixteenth defense, Defendant avers that Plaintiff's contract and promissory estoppel claims are barred because of duress.

17.  As and for its seventeenth defense, to the extent Plaintiff could establish the existence of a valid contract between the parties, Defendant avers that Plaintiff's breach of contract claim is barred pursuant to "the statute of frauds."

Dated this 25th day of May, 2007.

/s/ Jeffrey Risch
Attorney for Defendant
WESSELS & PAUTSCH, P.C.
Dunham Center
2035 Foxfield Drive
St. Charles, IL 60174
Telephone: (630) 377-1554
Fax: (630) 377-1653
Attorney Email: jerisch@stch.w-p.com

I, Shante Williams, under oath and being duly sworn, on behalf of Defendant, hereby certify under penalty of perjury that the foregoing Answers & Defenses to Plaintiff's Complaint, are true and correct to the best of my knowledge, information and belief.

Dated: May 24 2007

By: _____

    Shante Williams
    Director of Human Resources
    Act II Jewelry, LLC


Subscribed and sworn to before me
this ____24____ day of May 2007.

_____
Notary Public in and for the State of
Illinois

"OFFICIAL SEAL"
JORI BROWN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 03/28/2009

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KELLY BAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO.: 07-CV-1615** |
| **vs.** | ) | |
| | ) | **JUDGE DER-YEGHIAYAN** |
| **ACT II JEWELRY LLC,** | ) | **MAG. JUDGE NOLAN** |
| | ) | |
| **Defendant.** | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 25th day of May 2007, he served a true and correct copy of **DEFENDANT'S VERIFIED ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing upon the following individual(s):

George S. Frederick
Mirabella, Kincaid, Frederick & Mirabella, P.C.
1737 S. Naperville Road, Suite 100
Wheaton, IL 60187

<u>s/ Jeffrey A. Risch</u>
Jeffrey A. Risch